IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-898-F

| | | |
|---|---|---|
| BURL ANDERSON HOWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the Government's Motion to Dismiss [DE-12] for lack of jurisdiction, and the Motion for Leave to File Motion for Summary Judgment [DE-16] and Motion for Sanctions [DE-26] filed by the *pro se* Plaintiff. For the reasons stated below, the Motion to Dismiss [DE-12] and Motion for Leave [DE-16] are both DENIED without prejudice to renew, and the Motion for Sanctions [DE-12] is DENIED.

Plaintiff initiated this action by filing application to proceed *in forma pauperis* under 28 U.S.C. § 1915 [DE-1]. In an order filed on January 21, 2015 [DE-4], the court allowed Plaintiff's application and determined that Plaintiff's proposed complaint was sufficient to survive review under 28 U.S.C. § 1915(e)(2). On March 10, 2015, the Government filed its motion to dismiss, arguing that it appeared that Plaintiff was attempting to pursue a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, but had failed to exhaust his administrative remedies.

As a sovereign, the United States "'is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). The FTCA affords a limited, conditional waiver of sovereign immunity by

the United States government for certain torts of federal government employees committed within the scope of their employment. *See* 28 U.S.C. §§ 2671 *et seq*;[1] *see also FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The FTCA specifically requires, however, that before an action may be instituted in court, a claimant must first present his claim to the appropriate administrative agency for determination. *See* 28 U.S.C. § 2675(a); *see also Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1994). Additionally, the claim must "have been finally denied by the agency in writing and sent by certified or registered mail" prior to the institution of the action in court. § 2675(a). "The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant at any time thereafter, be deemed a final denial of the claim . . . ." *Id.* It is well-established that "the requirement of filing an administrative claim is jurisdictional and may not be waived." *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986).

In its motion, the Government argues that "the plaintiff has not alleged in his complaint that he complied with the administrative claim requirement and pursued his grievance through all levels before brining this medical malpractice claim against U.S. Department of Veteran Affairs employees." Mem. in Support of Mot. to Dismiss [DE-13] at 2-3. The Government references an October 31, 2014, letter from the Office of Regional Counsel to Plaintiff stating that Plaintiff's administrative tort claim was received on October 27, 2014. *Id.* at 3 (citing Attachment to Complaint [DE-5-1]).

The court recognizes that the Office of Regional Counsel sent the letter to Plaintiff. The

---

[1] That section specifically provides that "the district courts shall have exclusive jurisdiction of civil action on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

2

court also observes, as Plaintiff points out in his numerous responses to the motion to dismiss, that Plaintiff specifically alleges in the complaint that the Government received his administrative claim and that it was closed. Compl. [DE-5] at p. 1. Plaintiff attaches to his complaint a claim dated January 10, 2014, as well as a print-out showing that the claim was closed on December 11, 2014. *See* Attachment to Compl. [DE-5-1] at 1-2, 32. The Government did not file a reply to Plaintiff's responses addressing his contention that the filing of the January 10, 2014 claim served to exhaust his administrative remedies.

On the record, without further explanation, the court cannot find that Plaintiff failed to exhaust his administrative remedies. *See* 28 U.S.C. § 2675(a) (providing that the failure of an agency to dispose of a claim within six months of its filing constitutes a denial of the claim for purposes of exhausting administrative remedies). Accordingly, the Government's motion [DE-12] is DENIED without prejudice to renew.[2]

Plaintiff also seeks leave to file a motion for summary judgment. The court finds such a motion to be premature, and it too [DE-12] is DENIED without prejudice. Finally, to the extent Plaintiff seeks relief in his motion for sanctions [DE-16] it too is denied. The court can discern no basis on which it could impose sanctions on the Government.

SO ORDERED.

This the 29 day of May, 2015.

JAMES C. FOX
Senior United States District Judge

---

[2] A party, or the court, may raise the issue of subject matter jurisdiction at any time. Accordingly, the court denies the Government's motion without prejudice to renew and present further explanation or argument as to why Plaintiff has failed to exhaust his administrative remedies.