IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CV-00898-F

| | | |
|---|---|---|
| BURL ANDERSON HOWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's Motion to Dismiss [DE-38] and the following motions by Plaintiff: Motion for Default Judgment for Failure of Government to Reply to Responses in Support of Request for Entry of Judgment on Pleading or File Answer [DE-31]; Motion for Leave to Seek Amendment of Court's Orders [DE-32]; Motion to Strike New or Belated Defenses and Reiteration of Plaintiff's Motion for Summary Judgment [DE-33]; Motion to Amend Response in Opposition [DE-42]; Motion to Amend Motion to Strike [DE-43]; Motion to Amend Response in Opposition to Motion [DE-45]; Motion to Amend Motion for Leave to File Motion for Summary Judgment and Response in Opposition to Motion [DE-46]; Motion for Judgment [DE-52]; Motion for Prompt Disposition of a Rule 59(e)/60(b)(5) Motion [DE-55]; and Motion for Leave and the Motion for Judgment as a Matter of Law Rule 50(b)(3) Alternatively Rule 60(b)(5) [DE-56]. For the reasons stated below, Defendant's Motion to Dismiss [DE-38] is ALLOWED and all other pending motions are DISMISSED as moot.

## I. RELEVANT FACTUAL AND PROCEDURAL HISTORY

Plaintiff Burl Anderson Howell initiated this action on December 22, 2014, by filing a Motion for Leave to Proceed *In Forma Pauperis* [DE-1]. The motion was granted and Plaintiff's Complaint [DE-5] filed on January 21, 2015. On March 10, 2015, Defendant United States of America ("the Government") moved to dismiss for lack of subject matter jurisdiction, alleging that Howell had failed to exhaust his administrative remedies prior to filing suit in district court. [DE-12]. The court denied the motion on May 29, 2015, without prejudice to renew. [DE-28]. On July 13, 2015, the Government again moved to dismiss for lack of subject matter jurisdiction. [DE-38].

Howell seeks compensation for personal injury and property damage arising from what he describes as inconsistent treatment by the Department of Veterans Affairs ("VA"). *See* Compl. [DE-5] at 1. After receiving a diagnosis of paranoid schizophrenia at the Greenville Community Based Outpatient Clinic, Howell was denied VA benefits for that condition because the VA determined that it was not a service connected disability. *See id.* at 7. Howell alleges that the denial of benefits and inconsistent treatment amount to medical malpractice and negligent infliction of emotional distress, and he seeks relief under the Federal Tort Claims Act ("FTCA"). *See id.* at 6–7.

## II. STANDARD OF REVIEW

"The district courts of the United States are courts of limited subject matter jurisdiction." *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005)). They are not courts of general jurisdiction, and they possess only the jurisdiction authorized by the United States Constitution and by federal statute. *Id.*; *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) (en banc).

2

When a federal court lacks subject matter jurisdiction, the case must be dismissed. *Vuyyuru*, 555 F.3d at 347; *Interstate Petroleum Corp. v. Morgan*, 249 F.3d 215, 219 (4th Cir. 2001) (en banc). "Because 'a court's power to hear a case can never be forfeited or waived,' the lack of subject matter jurisdiction can be raised at any time." *United States v. Beasley*, 495 F.3d 142, 147 (4th Cir. 2007) (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

### III. DISCUSSION

"In cases involving benefits owed to veterans, Congress has created a scheme conferring exclusive jurisdiction over claims affecting veterans' benefits to some federal courts, while denying all other federal courts any jurisdiction over such claims." *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1020 (9th Cir. 2012). Specifically, the Veterans' Judicial Review Act, Pub. L. No. 100-687, div. A, 102 Stat. 4105 (1988) ("VJRA"), "established a multi-tiered framework for the adjudication of claims regarding veterans benefits." *Beamon v. Brown*, 125 F.3d 965, 967 (6th Cir. 1997). As the court for the Northern District of West Virginia explained:

> The VJRA does provide a limited waiver of sovereign immunity for lawsuits seeking review of VA benefit decisions. Subject to certain stated limitations, however, the VJRA vests exclusive jurisdiction in the [Court of Appeals for Veterans Claims ("CAVC")] to review such decisions. Pursuant to [38 U.S.C. §] 511(a), the Secretary of Veterans Affairs is responsible for deciding *all* questions concerning the provision of benefits to veterans, their dependents, or their survivors. An appeal from the Secretary's decision lies with the Board of Veterans' Appeals ("BVA"). The BVA decision may be appealed by the claimant to the CAVC, pursuant to 38 U.S.C. § 7252(a), and then, under certain circumstances, to the United States Court of Appeals for the Federal Circuit, pursuant to 38 U.S.C. §§ 7252(c), 7292.

*Corson v. Sec'y of Veterans Affairs*, Civil Action No. 1:09CV49, 2010 WL 532382, at *8 (N.D. W. Va. Feb. 8, 2010) (internal citations omitted). "The decisions of the Federal Circuit are final and only 'subject to review by the Supreme Court upon certiorari.'" *Veterans for Common Sense*, 678 F.3d at 1022.

3

Under this statutory scheme, most courts have concluded that the VJRA "precludes jurisdiction over a claim if it requires the district court to review 'VA decisions that related to benefits decisions,' including 'any decision made by the Secretary in the course of making benefits determinations.'" *Veterans for Common Sense,* 678 F.3d at 1025 (quoting *Broudy v. Mather,* 460 F.3d 106, 115 (D.C. Cir. 2006); *Beamon,* 125 F.3d at 971). Accordingly, "[n]umerous courts have recognized that § 511 broadly divests courts of jurisdiction over constitutional claims related to benefits even where those claims concern agency procedures and do not challenge specific VA benefit determinations." *Id.* at 1031 (collecting cases). Some courts have determined, however, that the VJRA does not divest district courts of jurisdiction to hear facial constitutional challenges to acts of Congress. *See, e.g., Larrabee by Jones v. Derwinski,* 968 F.2d 1497, 1501 (2d Cir. 1992) ("Although district courts continue to have 'jurisdiction to hear *facial* challenges of legislation affecting veterans' benefits,' other constitutional and statutory claims must be pursued within the appellate mill Congress established in the VJRA."). *But see Veterans for Common Sense,* 678 F.3d at 1033 (questioning whether the courts which have concluded that facial challenges survive "have thoroughly analyzed the efforts Congress undertook to broaden § 511 and the concurrent effort it took to establish an exclusive review scheme for claims related to veterans' benefits). In those jurisdictions, a plaintiff cannot evade § 511(a) by cloaking a claim in constitutional terms; rather, the courts must "examine the substance of the allegations, rather than the plaintiff's labels, to determine their true nature." *Weaver v. United States,* 98 F.3d 518, 520 (10th Cir. 1996). Where the claims "are, in substance, nothing more than a challenge to the underlying benefits decision," the district court lacks jurisdiction to hear them. *Id.*

Here, Howell seeks compensation for property damage and personal injury, alleging negligent infliction of emotional distress and medical malpractice. Upon a thorough review of the pleadings in this case, it appears that all of Howell's complaints arise from the VA's benefits-denial decision related to his schizophrenia. Any decision this court could make on Howell's claims would necessarily involve a determination of the propriety of the VA's actions. In short, Howell requests a judicial review of a VA benefits decision—something this court is without power to do. Accordingly, this matter must be dismissed for lack of subject matter jurisdiction. Because the court finds that it lacks the power to hear this case, all other pending motions are moot.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss [DE-38] is ALLOWED. All other pending motions are DISMISSED as moot. The Clerk of Court is DIRECTED to close this case.

SO ORDERED.

This, the 24 day of November, 2015.

_____
JAMES C. FOX
Senior United States District Judge