IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CV-00898-F

| | | |
|---|---|---|
| BURL ANDERSON HOWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the following motions by Plaintiff Burl Anderson Howell: Motion for Leave and the Motion to Alter or Amend Judgment by Rule 59(e) for Judgment Under Rule 50(b) [DE-61]; Motion for Leave to Amend [DE-70]; Motion to Reopen Case and Motion for Joinder [DE-71]; Motion for Leave and Motion for Hearing [DE-76]; AND Motion to Renew and Amend [DE-79].

Generally, motions for reconsideration are only allowed at the discretion of the court and only under certain circumstances. *See Ga.-Pac. Consumer Prods. v. Von Drehle Corp.*, 815 F. Supp. 2d 927, 929 (E.D.N.C. 2011). Those circumstances are typically (1) to correct manifest errors of law or fact or (2) to consider newly discovered evidence. *See id.* Motions to reconsider "are improper if they serve merely to ask the Court 'to rethink what the Court had already thought through-rightly or wrongly.'" *See id.* (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). This also typically requires rejecting new arguments because "[h]indsight being perfect, any lawyer can construct a new argument to support a position previously rejected by the court, especially once the court has spelled out its

reasoning in an order." *See Wiseman v. First Citizens Bank & Tr. Co.*, 215 F.R.D. 507, 509 (W.D.N.C. 2003) (quoting Potter v. Potter, 199 F.R.D. 550, 553 (D. Md. 2001)).

Here, each of the pending motions in this case support Mr. Howell's request for reconsideration of the court's Order of November 24, 2015. That Order dismissed Mr. Howell's case for lack of subject matter jurisdiction, finding that the complaint was essentially a request for judicial review of a VA decision. *See* Nov. 24, 2015 Order [DE-59]. Mr. Howell argues that the court misconstrued the substance of his complaint. *See, e.g.*, Mem. in Support [DE-63] at 1. The court has reviewed Mr. Howell's complaint and is satisfied that it properly characterized the claim.

Having reviewed the case and considered each of Mr. Howell's filings, the court concludes that there was no manifest error of law or fact in the November 24, 2015 Order, nor does Mr. Howell present newly discovered evidence to justify reconsideration of that decision. Accordingly, each of the pending motions in this case—docket entries 61, 70, 71, 74, 76, and 79—are DENIED.

SO ORDERED.

This, the 29 day of February, 2016.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

2